r02209.ly2
















NUMBER 13-02-209-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
HUGO HERNANDEZ,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 107th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 
          By one point of error, appellant Hugo Hernandez challenges the trial court’s March
21, 2002 judgment granting the State’s motion to revoke community supervision. We
affirm.
          The trial court has certified that Hernandez has a right to appeal. See Tex. R. App. 
P. 25.2 (a)(2). As this is a memorandum opinion and the parties are familiar with the facts,
we will not recite them here except as necessary to advise the parties of the court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          Appellant contends that he received ineffective assistance from counsel because
counsel allowed him to take the witness stand without advising him of the possibility that
the State’s cross-examination could prove the entire case against him. We disagree.
            Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel’s performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel’s deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating counsel’s effectiveness. Id.
          The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. at 813. There is a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance. Id. To defeat the
presumption of reasonable professional assistance, “any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel’s representation fell below an objective standard of
reasonableness and that the deficient performance prejudiced his defense. The record
reflects that the prosecution proved the elements necessary to revoke appellant’s
community supervision during its presentation. Without a more developed record, we
cannot say that defense counsel advised appellant to testify or, if counsel did so, what trial
strategy informed that advice. In other words, the evidence is not sufficient to rebut
Strickland’s presumption that the challenged action of trial counsel was the result of “sound
trial strategy.” Strickland, 466 U.S. at 689. Appellant’s sole point of error is overruled.
          We AFFIRM the judgment of the trial court.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
27th day of May, 2004